UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

    Plaintiff,                                     Civil No. 2:19-cv-11597
v.                                                  Hon. Denise Page Hood

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

**ORDER SUMMARILY DISMISSING CASE**

Plaintiff Lance Adam Goldman has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Upon review of the complaint and plaintiff's litigation history in the federal courts, the Court concludes that the complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiff has filed an application to proceed without prepayment of the filing fee. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. §

1

1915(b)(1)(as amended). See also *In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. See *Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA a federal court may dismiss a case if on three or more previous occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. See, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. See *Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).

A search of federal court records indicates that plaintiff has more than three civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or failing to state a claim upon which relief could be granted. See *Goldman v. Bridenstein*, No. 2:18-CV-143, 2018 U.S. Dist.

LEXIS 187875, 2018 WL 5773187, at *1 (W.D. Mich. Nov. 2, 2018) (dismissed as frivolous); *Goldman v. Michigan*, No. 2:18-CV-11666, 2018 U.S. Dist. LEXIS 118780, 2018 WL 3436777, at *1 (E.D. Mich. July 17, 2018) (dismissed for failure to state a claim upon which relief may be granted), reconsideration denied, 2019 U.S. Dist. LEXIS 18979, 2019 WL 462508 (E.D. Mich. Feb. 6, 2019); *Goldman v. Michigan*, No. 1:17-CV-774, 2017 U.S. Dist. LEXIS 154010, 2017 WL 4173509, at *4 (W.D. Mich. Sept. 21, 2017) (failure to state a claim); *Goldman v. Consumers Credit Union*, No. 1:16-CV-1372, 2017 U.S. Dist. LEXIS 60233, 2017 WL 1404862, at *1 (W.D. Mich. Apr. 20, 2017) (failure to state a claim); *Goldman v. N.C. Prisoner Legal Svcs.*, No. 5:13-ct-03158-F, 2014 U.S. Dist. LEXIS 200883 (E.D.N.C. Oct. 9, 2014) (frivolous); *Goldman v. Johnson, et al.*, No. 5:11-CT-3031-D, 2011 U.S. Dist. LEXIS 156667 (E.D.N.C. Sept. 16, 2011) (frivolous).

Plaintiff's complaint asserts that he is being denied communication with his ailing mother. Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury. He does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding in forma pauperis in light of his prior

dismissals based on frivolousness. *Mulazim v. Michigan Dept. of Corrections*, 28 Fed. Appx. 470, 472 (6th Cir. 2002). Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g).

Since the plaintiff has had more than three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, he is barred from appealing in forma pauperis under § 1915(g). See *Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore concludes that any appeal from this dismissal would not be in good faith.

## ORDER

**IT IS HEREBY ORDERED** that the plaintiff's in forma pauperis status is **DENIED** and the complaint [dkt # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by the plaintiff would not be done in good faith.

s/Denise Page Hood
United States District Court Judge

Dated: July 3, 2019